UNITED STATES of America,
Plaintiff–Appellee,

v.

Craig Thomas CARR, Defendant–
Appellant.

No. 10–30371.

United States Court of Appeals,
Ninth Circuit.

Filed Dec. 22, 2011.

Submitted Dec. 19, 2011.*

Before: GOODWIN, WALLACE, and
McKEOWN, Circuit Judges.

MEMORANDUM **

Craig T. Carr appeals from the sentence imposed following his guilty plea to one count of sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(c)(1) and (c)(2)(A). We have jurisdiction under 28 U.S.C. § 1291. The matter is ripe for review. *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 771–72 (9th Cir. 2006); *United States v. Williams,* 356 F.3d 1045, 1051 (9th Cir.2004). We dismiss the appeal.

Whether a defendant has waived the right to appeal is a question of law reviewed de novo. *United States v. Watson,* 582 F.3d 974, 981 (9th Cir.2009). In his plea agreement, Carr waived "to the full extent of the law" "[a]ny right ... to appeal the sentence" so long as the custodial sentence was "within or below the Sentencing Guidelines range." This waiver was effective as to the terms of supervised release[1] even if Carr failed to foresee that those terms may have included plethysmograph testing.[2]

Carr argues that the waiver is inapplicable because the sentence was unconstitu-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See Watson,* 582 F.3d at 986 (stating that a waiver of " 'any aspect of the sentence' unam-

biguously encompassed supervised release terms.").

2. *United States v. Johnson,* 67 F.3d 200, 203 (9th Cir.1995); *United States v. Pacheco–Navarette,* 432 F.3d 967, 971 (9th Cir.2005); *see also Watson,* 582 F.3d at 986.

tional in light of the district court's failure to consult a psychologist or plethysmography expert before issuing it and to adequately justify the plethysmograph testing requirement on the record. We disagree. We need not decide whether justification of plethysmograph testing is constitutionally required[3] because the district court gave sufficient on-the-record consideration to the available alternatives[4] and to "whether the testing is sufficiently likely to yield useful results 'given the defendant's specific characteristics,'"[5] despite the fact that it did not consult a psychologist or plethysmography expert in so doing.[6]

**DISMISSED.**

---

**3.** *United States v. Weber,* 451 F.3d 552, 563 n. 14 (9th Cir.2006); *United States v. Williams,* 356 F.3d 1045, 1053 n. 9 (9th Cir.2004); *United States v. T.M.,* 330 F.3d 1235, 1241 n. 6 (9th Cir.2003); *see also United States v. Rudd,* 662 F.3d 1257, 1261–64 (9th Cir.2011).

**4.** *See Weber,* 451 F.3d at 568; *see also United States v. Kennedy,* 643 F.3d 1251, 1259 (9th Cir.2011).

**5.** *United States v. Cope,* 527 F.3d 944, 954 (9th Cir.2008); *see also Weber,* 451 F.3d at 567, 569.

**6.** *See Weber,* 451 F.3d at 569.